UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNIVERSITY OF WISCONSIN HOSPITAL AND CLINICS, INC, a Wisconsin Non-Profit Corporation,<br><br>    Plaintiff,<br><br>v<br><br>UPPER PENINSULA HEALTH PLAN, LLC, a Michigan Limited Liability Company,<br><br>    Defendant. | Civil Action No. 13-cv-667<br><br>Hon.<br><br>Dane County Circuit Court, Br. 18<br>Case No. 13CV2631<br><br>Hon. Rhonda L. Lanford |

| | |
|---|---|
| Mark S. Sweet (SB No. 1019001)<br>Neuberger, Wakeman, Lorenz, Griggs & Sweet<br>Attorneys for Plaintiff<br>136 Hospital Drive<br>Watertown, WI 53098<br>(920) 261-1630 | Richard L. Hillman (SB No. 1013512)<br>Ray H. Littleton II (SB No. 1050081)<br>Foster, Swift, Collins & Smith, P.C.<br>Attorneys for Defendant<br>313 South Washington Square<br>Lansing, MI 48933<br>(517) 371-8129 |

## DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

TO:    CLERK OF THE COURT
         MARK S. SWEET

Defendant, Upper Peninsula Health Plan, LLC ("UPHP"), through its counsel, Foster, Swift, Collins & Smith, P.C., hereby removes this action from the Dane County Circuit Court to the United States District Court for the Western District of Wisconsin and states as follows:

1.    On August 13, 2013, Plaintiff, University of Wisconsin Hospital and Clinics, Inc. ("Plaintiff"), filed this action against UPHP in the Dane County Circuit Court. A copy of the Summons, Complaint and Exhibits, which constitute all of the process, pleadings or orders received by UPHP in this action, are attached as **Exhibit A**.

2.    UPHP is a Michigan Limited Liability Company and has a principal place of business located at 228 West Washington Street, Marquette, **Michigan** 49855.

3. In August 1, 1998, UPHP became a Michigan Medicaid Health Plan by contracting with the Michigan Department of Community Health to provide comprehensive health care program services to its insureds. Each one of UPHP's insureds is a Michigan Medicaid beneficiary who resides in the Michigan Upper Peninsula region.

4. UPHP was served on September 3, 2013 by Plaintiff via personal service.

5. Plaintiff is a Wisconsin Non-Profit Corporation that operates a hospital located in Dane County at 600 Highland Avenue, Madison, **Wisconsin** 53792.

6. According to the Complaint, from January 4, 2013 to January 6, 2013, Austin Wells, a minor individual who is an insured under UPHP health insurance policy subscriber identification number 0020101918, ("Wells"), was admitted with Plaintiff for gastrointestinal illness and dehydration. Wells lived with his parent and natural guardian, Crystal Wells, at N16335 Number 4 Lane, Hermansville, MI 49847 and was flown to Plaintiff's Hospital via medflight from Michigan.

7. On January 6, 2013, however, Wells suffered cardiac arrest and died.

8. On January 9, 2013, Plaintiff notified UPHP of Wells' emergency admission and treatment at Plaintiff's Hospital by voicemail and later submitted a claim for Plaintiff's services to Wells.

9. UPHP informed Plaintiff, however, that UPHP's policy requires notification of all emergent/urgent admissions within (1) business day of admission. As a result, UPHP denied claim payment.

10. In its Complaint, Plaintiff alleges that it maintains a valid assignment from Wells' mother and seeks to collect the balance of $87,998.09 for its services under theories of breach of

an implied contract, unjust enrichment, breach of implied covenant of good faith and interest. No assignment was attached to the Complaint.

11. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this action is between citizens of different states.

12. A civil action may be removed to federal court if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

13. For purposes of determining diversity jurisdiction removal, a corporation can be a citizen of two states: (1) its state of incorporation; and (2) the state of its principal place of business. 28 USC § 1332 (c).

14. Complete diversity exists here because:

    a. According to the Complaint, Plaintiff is a Wisconsin Non-Profit located in Dane County, Wisconsin. See Complaint, ¶ 1; and

    b. UPHP is a limited liability company, organized and existing under the laws of the state of Michigan and has its principal place of business located at 228 West Washington Street, Marquette, MI 49655. Pursuant to 28 U.S.C. § 1332(c), for the purposes of diversity jurisdiction, UPHP is a citizen of Michigan.

15. Pursuant to 28 U.S.C. § 1332(a), the amount alleged by Plaintiff in this controversy exceeds the sum or value of $75,000, exclusive of interest, costs, and attorney fees.

16. This removal petition is timely under 28 U.S.C. § 1446(b), where UPHP filed this Notice of Removal within thirty (30) days of the first date upon which it received copies of the pleadings setting forth the claim for relief upon which this removal is based.

17.   Where this Court has original diversity, UPHP is entitled to remove this action from the Dane County Circuit Court to this Court, pursuant to 28 U.S.C. § 1441(a).

18.   In accordance with 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal and a copy of this Notice of Removal will be filed with the Dane County Circuit Court, and a copy of said Notices will be served upon counsel of record for Plaintiff.

19.   By filing this Notice of Removal, UPHP has not waived any of its rights to raise objections to personal jurisdiction or venue.[1]

Wherefore, Defendant Upper Peninsula Health Plan, LLC requests that this Court exercise jurisdiction over this action and grant such other relief as this Court deems proper.

Dated: September 26, 2013

Respectfully submitted,
Attorneys for Defendant, Upper Peninsula Health Plan, LLC

By:  /s/ Ray H. Littleton II
Richard L. Hillman (SB No. 1013512)
Ray H. Littleton II (SB No 1050081)
Foster, Swift, Collins & Smith, P.C.
313 S. Washington Square
Lansing, MI 48933-2193
517-371-8129

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 26, 2013, Defendant's Civil Cover Sheet, Notice of Removal and Certificate of Service were filed with the Clerk of the Court using the E-Filing System which will send notification to all the attorneys of record for this matter.

FOSTER SWIFT COLLINS & SMITH, P.C.
By: /s/ Danielle Deferia Legal Assistant

---

[1] It is well settled that if the state court would lack jurisdiction over a party, the federal court acquires none upon removal. *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981); Removal, in itself, does not constitute a waiver of the right to object to lack of jurisdiction that could have been exercised in the state court. *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 401, 409 (1928); *Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996); *Nationwide Eng'g & Control Sys.,Inc. v. Thomas*, 837 F.2d 345, 347-48 (8th Cir. 1988); *Allen v. Ferguson*, 791 F.2d 611, 614-15 (7th Cir. 1986); see also *Lambert v. Kysar*, 983 F.2d 1110, 1113 n.2 (1st Cir. 1993) ("[F]iling of a removal petition in a diversity action, without more, does not waive the right to object in federal court to the state court venue.").

4